KLEIN, J.
The Mark Twain Scholarship Fund is a charitable organization which, during the two years prior to the year 2000, received funds from the Florida State Employees’ Charitable Campaign. In 2000, however, the steering committee of the campaign found Mark Twain ineligible to participate. Mark Twain appealed to the State Department of Management Services, which affirmed. This is an appeal from that order, which we affirm.
Charitable organizations apply to the Florida State Employees’ Charitable Campaign Steering Committee, which is a part of the State of Florida Department of Management Services (DMS), for approval to receive funds from the annual Florida State Employees’ Charitable Campaign under section 110.181, Florida Statutes (1999). The statute, and Florida Administrative Code Rule 60L-24.005, provide criteria that organizations must meet in order to be eligible to receive part of the funds donated voluntarily by state employees.
Appellant Mark Twain is affiliated with Atheists of Florida, Inc. and awards scholarships to college students nationwide who are the winners of an essay contest which must demonstrate free thinking. In 1998, Mark Twain received $300 from the campaign and awarded $300 out of $800 in scholarships to Florida students. In 1999, it received $800 and awarded $800 out of $1,600 in scholarships to Florida students. Mark Twain now has a policy that at least sixty percent of the scholarships will be awarded to Florida students.
Section 110.181(l)(g), Florida Statutes (1999) provides that:
Any nonprofit charitable organization participating in the Florida State Employees’ Charitable Campaign must have its financial records audited annually by an independent public accountant whose examination conforms to generally accepted accounting principles.
This statute has been implemented via Florida Administrative Code Rule 60L-24.005(2)(d), which requires that in order to participate in the campaign, an organization “must”
be audited annually by an independent public accountant whose examination conforms to generally accepted accounting principles. Upon request of the Steering Committee, the organization must disclose all information dealing with fundraising activities, finances, and voting trustees, as well as any financial interest the directors, their families, or their staff might have in the organization. In addition, the organization must disclose information about professional solicitors and copies of contracts or agreements concerning fundraising activities.
*467 The steering committee of the campaign rejected Mark Twain’s request in the year 2000 for several reasons, including failure to comply with the statute requiring an audit. The State Department of Management Services affirmed. We find that the denial for lack of an audit is supported by competent substantial evidence and that Mark Twain’s arguments as to why it should not have to comply with the statute are without merit.
Affirmed.
FARMER and TAYLOR, JJ., concur.